# IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Curt WEBER, Attorney at Law.

**Supreme Court**

*No. 89-0800-D. Filed October 10, 1989.*

(Also reported in 446 N.W.2d 281.)

PER CURIAM.   *Attorney disciplinary proceeding; attorney's license suspended.*

We review the report of the referee recommending that the license of Curt Weber to practice law in Wisconsin be suspended for 90 days as discipline for neglect of three client matters, dishonesty and misrepresentation in one of them and failure to cooperate in the investigation of the Board of Attorneys Professional Responsibility (Board) into these matters. We determine that the recommended 90-day license suspension is appropriate discipline for Attorney Weber's professional misconduct.

Attorney Weber was admitted to practice law in Wisconsin in 1982 and practices in Milwaukee. In 1985 he received a private reprimand from the Board for neglect of a client's legal matter and misrepresentation to the client. Attorney Weber and the Board entered into a stipulation of facts on the basis of which the referee, Attorney Robert P. Harland, made the following findings and conclusions.

In 1987, Attorney Weber represented a man found guilty of three felonies and sentenced on February 20, 1987, to 27 years' imprisonment. The client contended that Attorney Weber had agreed to pursue an appeal on his behalf and, in May, 1987, the client wrote the trial judge that he had not communicated with Attorney Weber and inquired into the status of his appeal. The judge then wrote to Attorney Weber, suggesting he contact the client. The client also wrote to the Milwaukee Bar Association concerning his difficulty in reaching his attorney. A member of the association's staff then contacted Attorney Weber, who stated that he was representing the man and had filed an appeal.

On December 7, 1987, the client wrote to Attorney Weber about the status of the appeal and asked whether he had actually filed it, as the client had contacted the appellate court and been told there was no information that the appeal had been filed. Attorney Weber did not respond to the client's letter. On the same day the client wrote to the appellate court, in response to which the appellate court wrote that it had no record of the appeal.

On February 9, 1988, the client again wrote to the trial court inquiring into the status of his appeal. Two weeks later the court clerk's office contacted Attorney Weber and was told that he and the client were working on an appeal and had "new evidence." In subsequent communications, Attorney Weber told the client that he

had filed an appeal but did not know why the court had told the client there was no record of it.

Ultimately, Attorney Weber told the client that he had not filed an appeal but instead filed a motion for new trial on the basis of newly discovered evidence. He did not, however, respond to the client's request that he send him a copy of that motion. On June 9, 1988, the client filed a pro se motion in the trial court for an extension of time to file an appeal, which was denied for lack of jurisdiction.

After the client filed a grievance with the Board, Attorney Weber told Board staff that it had always been his intention to file a post-conviction motion rather than an appeal. He also stated that his client had given him names of witnesses to an exculpatory conversation among several jail inmates, including the client's two co-defendants. Although the client said that he had given Attorney Weber the names of these witnesses before the criminal trial began, more than 16 months earlier, Attorney Weber told Board staff that he had not yet contacted the witnesses, although he had located some of them in the correctional system and was making arrangements to meet with them.

During the course of the Board's investigation of this matter, Attorney Weber did not respond to two letters of inquiry, but he did appear at the Board's office in October, 1988 in response to a Notice to Appear served on him. He offered no explanation or excuse for his failure to respond to the Board's inquiries and failed to bring with him the necessary client files specified in the Notice to Appear. At the conclusion of that appearance, the Board directed Attorney Weber to deliver additional client files within five days. When he failed to do so, Board staff sent him a reminder to deliver the additional files and subsequently sent a confirming letter to

that effect. Attorney Weber never produced the requested files.

On the basis of these facts, the referee concluded that Attorney Weber's failure to pursue an appeal or pursue post-conviction remedies for his client from February, 1987 to October, 1988 constituted neglect of the client's legal matter, in violation of SCR 20.32(3),[1] and that his statements to his client and others that the appeal had been filed, when he knew the facts to be otherwise, constituted conduct involving dishonesty and misrepresentation, in violation of SCR 20.04(4).[2] The referee also concluded that Attorney Weber's failure to respond to Board inquiries and provide documents requested during the investigation constituted failure to cooperate with the Board, in violation of SCR 22.07(2) and 21.03(4).[3]

---

[1]SCR 20.32(3) provided: "A lawyer may not . . . [n]eglect a legal matter entrusted to the lawyer." The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:1.3.

[2]SCR 20.04(4) provided: "A lawyer shall not . . . [e]ngage in conduct involving dishonesty, fraud, deceit or misrepresentation." The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:8.4(c).

[3]The rules provide as follows:

SCR 21.03(4): Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

SCR 22.07(2): During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The

In another matter, Attorney Weber represented a woman in a divorce action that resulted in a judgment of divorce being granted on April 21, 1986. Three months later the client contacted Attorney Weber concerning the findings of fact, conclusions of law and judgment, as she had not received a copy of them and was aware that they were to be filed within 30 days of the granting of the divorce. Attorney Weber told her he would make inquiry to the court.

The client again contacted Attorney Weber in October concerning the matter and he told her he had looked into it and that she should be receiving the documents within two weeks. Thereafter, the client made several attempts to contact Attorney Weber but failed to reach him until late December, when he told her that delays in receiving copies of the documents were not unusual and that he would contact her within the next week, but he did not do so.

In February, 1987, the client went to the courthouse to check the files and was told there was no record of findings or a judgment having been filed in the case. The client thereafter attempted to reach Attorney Weber several times, but he did not return her telephone calls.

In response to the client's grievance, Attorney Weber told the Board that after the client had contacted him in July, he was told by the clerk of court that the original judgment could not be located. He stated that in late January or early February of 1987 he prepared additional copies of the judgment and had the judgment signed by the court and delivered to the clerk for filing. The judgment was ultimately filed on February 20, 1987.

administrator or committee may make a further investigation before making a recommendation to the board.

During the Board's investigation of this client's grievance, Attorney Weber failed to respond to a written request for information and his response to a second request did not address all of the matters raised. When he failed to respond to three written requests for additional information, the Board notified him that he would receive a Notice to Appear unless he responded. Attorney Weber then delivered his response in person and, in a subsequent meeting with the Board, stated that he had no excuse for failing to respond to the Board's written requests for information.

The referee concluded that Attorney Weber's failure to file the divorce judgment for a period of more than eight months and his failure to respond to his client's inquiries concerning the matter constituted neglect of a legal matter and failure to promptly comply with reasonable requests for information from a client, in violation of SCR 20.32(3). The referee also concluded that Attorney Weber's failure to respond timely and completely and, in some instances, to respond at all to the Board's written inquiries violated SCR 21.03(4) and 22.07(2).

In a third matter, Attorney Weber was appointed by the state public defender to represent a man convicted of burglary and operating a vehicle without the owner's consent. On September 23, 1986, Attorney Weber wrote to the state public defender that a notice of intent to seek post-conviction relief had been filed and that he did not wish to represent the client in post-conviction proceedings. On December 4, 1986, the state public defender wrote Attorney Weber that upon checking with the office of the clerk of the court it learned that no notice of intent had been filed and advised him that he could file a motion for an extension of time to do so. When Attorney Weber failed to reply to that letter, the state public defender again wrote to him on February 24, 1987,

793

informing him that successor counsel had not been appointed for the client because of Attorney Weber's failure to file a notice of intent to pursue post-conviction relief required by statute. That letter specified the steps Attorney Weber was to take in order that post-conviction remedies could be pursued by successor counsel.

Although he did not respond to that letter, Attorney Weber subsequently told Board staff that he prepared and sent a notice of intent to the trial judge shortly after receiving the state public defender's letter. That notice purportedly stated that the client desired to appeal his conviction and that Attorney Weber would not be representing him. Attorney Weber further stated that he had checked the court file but was unable to locate the notice of intent he said he had sent to the trial court and did not have a copy of that notice in his own file. He acknowledged that he had no explanation for failing to follow the procedure set out by the state public defender in its letter.

On April 5, 1987, the state public defender wrote to Attorney Weber requesting a response to its previous letter and advising him that his client's right to a direct appeal and appointment of new counsel was in jeopardy and, unless the problem was corrected promptly, might be irretrievably lost. On April 28 the state public defender wrote to Attorney Weber that the client no longer had a right to appeal and restated the procedural steps it had previously set forth, telling Attorney Weber he could obtain assistance from the state public defender in preparing the necessary forms.

Appearing before the Board staff on December 14, 1987, Attorney Weber presented a copy of a motion for extension of time to file an appeal, bearing the date of November 27, 1987, which he said he had filed in the court of appeals. During a subsequent meeting with

Board staff, he presented a copy of another motion for extension of time, this one bearing the date of December 12, 1987, but he failed to explain the discrepancy in the dates on the two documents. The Board staff subsequently discovered that neither motion had been filed with the court of appeals, although Attorney Weber did file a motion for extension of time on March 7, 1988, which was denied by the court of appeals.

During the course of its investigation, the Board wrote to Attorney Weber requesting a response to the client's grievance. After he made an initial response, Board staff notified him that a formal reply to the allegations of misconduct was required. When he failed to respond to that letter, the Board served him with a Notice to Appear. Attorney Weber then appeared and presented a statement. Thereafter, the Board wrote to him requesting additional documentation to which he had referred at his appearance and, when he failed to respond to that request, the Board sent two additional letters requesting the information. Attorney Weber did not respond to them.

In regard to this matter, the referee concluded that Attorney Weber neglected the client's legal matter, in violation of SCR 20.32(3), and failed to cooperate with the Board's investigation, in violation of SCR 21.03(4) and 22.07(2).

Attorney Weber's misconduct in these matters is serious and warrants the suspension of his license to practice law. He violated his duty to three clients to provide them prompt, competent and diligent representation. Two of those clients were seeking to appeal their criminal convictions and Attorney Weber's neglect jeopardized their right to do so. In one of those cases, he misrepresented to his client and others that he had filed an appeal on the client's behalf. Finally, Attorney Weber

repeatedly failed to fulfill his obligation to respond to Board inquiries into allegations of misconduct and provide material requested in the course of its investigation. The seriousness of this misconduct warrants the suspension of Attorney Weber's license to practice law for a period of 90 days.

IT IS ORDERED that the license of Curt Weber to practice law in Wisconsin is suspended for a period of 90 days, commencing November 13, 1989.

IT IS FURTHER ORDERED that within 60 days of the date of this order Curt Weber pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Curt Weber to practice law in Wisconsin shall be suspended until further order of the court.

IT IS FURTHER ORDERED that Curt Weber comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.