IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Curt M. WEBER, Attorney at Law.

Supreme Court

*No. 98–1339–D. Filed June 24, 1998.*

(Also reported in 579 N.W.2d 229.)

¶ 1. PER CURIAM. We review the stipulation of the Board of Attorneys Professional Responsibility (Board) and Curt M. Weber to a six-month suspension of his license to practice law in Wisconsin as discipline

for Mr. Weber's having continued to practice law while his license was revoked. We accept the parties' stipulation and determine that the discipline to which they stipulated, which will have the effect of extending for six months the time during which Mr. Weber will not be permitted to petition for reinstatement of his license, is the appropriate disposition of this proceeding.

¶ 2. Mr. Weber was admitted to practice law in Wisconsin in 1982 and practiced in Milwaukee. He has been disciplined for professional misconduct on four prior occasions. In 1985, he consented to a private reprimand from the Board for neglect of a client's legal matter and misrepresentation to the client. In 1989, the court suspended his license for 90 days as discipline for neglect of three client matters, dishonesty and misrepresentation in one of them, and failure to cooperate in the Board's investigation. *Disciplinary Proceedings Against Weber*, 151 Wis. 2d 788, 446 N.W.2d 281. The court suspended his license for three years in 1991 as discipline for failing to perform services for which he had been retained, misrepresenting to his clients what he had done on their behalf, continuing to practice law after his license was suspended in 1989, and failing to cooperate in the Board's investigation. *Disciplinary Proceedings Against Weber*, 161 Wis. 2d 414, 468 N.W.2d 12.

¶ 3. In 1992, the court revoked Attorney Weber's license to practice law with his consent as discipline for misconduct that included misrepresenting to a client that he had reached a settlement with an insurer on the client's claim and that settlement funds would be sent forthwith, failure to notify the client that his license to practice law had been suspended and of his resultant inability to represent the client, failure to

keep a client reasonably informed of the status of that client's matter, failure to deliver papers and property to which a client was entitled upon termination of his representation, and failure to cooperate with the Board's investigation. *Disciplinary Proceedings Against Weber*, 166 Wis. 2d 372, 480 N.W.2d 25. Although eligible under SCR 22.28(3)[1] to do so as of February 19, 1997, Mr. Weber has not petitioned for reinstatement of his license following revocation, as a result of which his license has remained revoked.

¶ 4. The parties stipulated that while his license was revoked, Mr. Weber partially completed various legal forms regarding termination of parental rights on behalf of a former client, communicated with opposing counsel on several occasions regarding the termination and accompanying adoption matters, and communicated with opposing counsel on letterhead stationery of his former law office, all in violation of SCR 20:5.5(a)[2]

---

[1] SCR 22.28 provides, in pertinent part:

**Reinstatement.**

. . .

(3) An attorney whose license is revoked or suspended for 6 months or more for misconduct or medical incapacity shall not resume practice until the license is reinstated by order of the supreme court. A petition for reinstatement may be filed at any time commencing, in the case of a license suspension, 3 months prior to the expiration of the suspension period or, in the case of a license revocation, 5 years after the effective date of revocation. A petition for reinstatement shall be filed with the court and a copy shall be filed with the administrator.

[2] SCR 20:5.5 provides, in pertinent part:

**Unauthorized practice of law**
A lawyer shall not:
(a) practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction;

and 22.26(2).[3] The person on whose behalf Mr. Weber engaged in the practice of law ultimately retained counsel to complete the termination and adoption matters.

¶ 5. We accept the parties' stipulation and, rather than suspend Mr. Weber's license as the parties had stipulated, we continue the revocation currently in force for a period of six months, thereby extending the time during which Mr. Weber will be prohibited from petitioning for reinstatement.

¶ 6. IT IS ORDERED that the revocation of the license of Curt M. Weber to practice law in Wisconsin currently in effect shall continue for a period of six months, commencing the date of this order.

¶ 7. IT IS FURTHER ORDERED that Curt M. Weber comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.

[3] SCR 22.26 provides, in pertinent part:

**Activities on revocation or suspension of license.**

. . .

(2) A suspended or disbarred attorney may not engage in the practice of law or in any law work activity customarily done by law students, law clerks or other paralegal personnel, except that he or she may engage in law related work for a commercial employer not itself engaged in the practice of law.